### THOMAS H. FOX, ET AL., *v.* APPERSON & REID.

**Commissioner's Sale of Real Estate—Set-Off—Compensation of Commissioner—Usury.**
> Where there are several tracts of land to be sold by a commissioner the court should order them sold separately.

**Set-Off.**
> A debt due from an executor cannot be pleaded as a set-off against an individual debt.

**Compensation of Commissioner.**
> Pursuant to Gen. Stat., chap. 75, § 14, the allowance to a commissioner for making sales of land cannot exceed ten dollars per tract.

**Usury.**
> Compounding interest at the lawful rate, once a year, is not usurious.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

November 19, 1875.

OPINION BY JUDGE COFER:

While we might not be inclined to reverse because the judgment fails to direct the commissioner to sell the three tracts of land separately we regard it as the safer and better practise when several tracts are to be sold under one judgment, to direct them to be sold separately.

The second paragraph of the answer contains no statement of facts to show that usury had been intentionally charged on Apperson's debt. Instead of drawing his own conclusion, the pleader should have stated the facts that the court might be able to judge the correctness of the deduction made from them.

The third paragraph was insufficient as a set-off in two respects. (1) The demand attempted to be set up is a debt due from the appellee, Apperson, as executor of his father, and was therefore not available as a set-off against a debt due to him individually. No

reason is given why the demand attempted to be pleaded as a set-off might not be enforced against the appellee in his official character; and in the absence of some averment, such as insolvency or non-residence, showing that the demand could not be made available in a direct action against the executor, it cannot be pleaded in a suit for the recovery of a debt due to him in his own right. The averment that the executor had promised to pay did not alter the case. Such a promise, unless in writing, is not enforcible. It was not alleged to be in writing, and must therefore be taken to have been in parol.

(2) But, again, it was not an available set-off because any right of action which might exist is a joint right in those who, according to the averments of the answer, were the owners of the land alleged to have been rented and sold by the elder Apperson.

Compounding interest at the lawful rate not oftener than once a year is not usurious; but it is alleged in the second amended answer that interest was compounded annually at the rate of 10 per cent. per annum from January 1, 1870, until January 1, 1874, on the $180 note which it is alleged was included in the note sued on. The law making 10 per cent. lawful interest went into effect on September 1, 1871; it therefore appears that the note contains usury to the amount of 4 per cent. per annum on $180 from January 1, 1870, to September 1, 1871.

The court erred in making an allowance of $50 to the commissioner for making the sale. Sec. 14, Chap. 75, Gen. Stat., provides that the allowance to a commissioner for making sales of land shall in no case exceed $10 per tract.

This conclusion renders it unnecessary to decide whether the judgment was premature, or whether there was a personal judgment against Mrs. Fox.

For the errors indicated the judgment is *reversed,* and the cause is remanded for further proceedings not inconsistent herewith.

*Thomas Turner, A. J. James, for appellants.*
*A. Duvall, Apperson & Reid, for appellees.*